Filed 6/27/13  Horspool v. Updike CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIAM F. HORSPOOL, | |
| Plaintiff and Appellant, | E054139 |
| v. | (Super.Ct.No. RIC10021157) |
| MARGARET UPDIKE as Co-Trustee, etc. et al. | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Jacqueline C. Jackson and Sharon J. Waters, Judges.[1]  Affirmed.

William F. Horspool, in pro. per., for Plaintiff and Appellant.

Fullerton, Lemann, Schaefer & Dominick, Thomas W. Dominick and Amar M. Hatti for Defendants and Respondents.

---

[1]  Judge Jackson entered the order determining plaintiff to be a vexatious litigant and ordering him to post security.  Judge Waters entered the judgment of dismissal.

1

## I. INTRODUCTION

Plaintiff and appellant William F. Horspool[2] appeals from the dismissal with prejudice of his complaint for the alleged conversion of personal property following his eviction from a home in Riverside that had belonged to his father, Raymond P. Horspool, Sr., after William[3] was found to be a vexatious litigant and failed to post a bond for expected attorney fees to defend the action. Defendants and respondents Margaret Updike and J. David Horspool are William's siblings; J. David was the trustee of Raymond's living trust, and Updike was his court-appointed conservator.[4]

William contends: (1) the trial court lacked jurisdiction because an automatic bankruptcy stay was in effect when the trial court issued its order declaring him to be a vexatious litigant; (2) the evidence was insufficient to support the trial court's determination that he was a vexatious litigant; and (3) defendant's counsel submitted perjured evidence and made misstatements to the trial court. We find no error.

---

[2] In October 2011, we observed: "The Horspool family is well known to this court by virtue of numerous appeals and writ proceedings stemming from the inability of various family members to cooperate and agree in conservatorship proceedings involving the family patriarch, Raymond P. Horspool, Sr., and from various disputes over property issues. (E.g., case Nos. E045688, E050097, E047160, E046041, E048232, E048539, E045688.)" (*Horspool v. Horspool* (Oct. 6, 2011, E050166 [nonpub. opn.].) Since that time, even more cases have come before us. (E.g., case Nos. E051016, E051550, E053605.)

[3] Because some parties share a common surname, we will refer to them herein by their first names for clarity and convenience, and not intending any disrespect.

[4] Raymond is now deceased. The conservatorship is closed, and any remaining assets were distributed to his trust.

Defendants contend this appeal should be dismissed because William failed to obtain permission from the presiding justice of this court before proceeding with the appeal in propria persona after this court relieved his appellate counsel. We conclude dismissal of the appeal is not an available remedy.

The facts and procedural background are set forth in the discussion of the issues for which they relate.

## II. DISCUSSION

### A. Trial Court Jurisdiction

William contends the trial court lacked jurisdiction because an automatic bankruptcy stay was in effect when the trial court issued its order declaring him to be a vexatious litigant.

#### 1. Additional Background

On November 17, 2010, defendants filed a motion to have William declared a vexatious litigant. On November 30, William lodged an "Order On Reopening Chapter 7 Bankruptcy Case" in the bankruptcy court. On December 15, he filed a notice of stay in the trial court based on that order. However, the copy of the order included in our record on appeal is unsigned. Without citation to the record, William asserts that the order was "signed and filed on December 1, 2012,[5] and entered on December 2, 2010."

On February 25, 2011, defendants filed a notice of entry of supplemental comfort order in bankruptcy court. The order, dated and filed on February 23 and entered on

---

[5] We assume he meant 2010.

February 24, specifically states that the automatic stay does not apply to case No. RIC 10021157.

On March 7, 2011, the trial court held a hearing on defendants' motion, took the matter under submission, and entered a minute order granting the motion. The court issued a formal order on March 24, and notice of entry of the motion was filed on April 4. The order declared William to be a vexatious litigant, ordered him to post a $100,000 bond, and stated he was subject to a prefiling order for future litigation.

### 2. *Analysis*

Under federal bankruptcy statute, the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" (11 U.S.C. § 362(a)(1).) Rule 4001 of the Federal Rules of Bankruptcy Procedure provides: "(3) *Stay of Order.* An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." (Fed. Rules Bankruptcy Proc., rule 4001(a)(1).) William argues the stay under that rule continued in effect until 14 days after the entry of the February 24, 2011, order granting relief from the stay, or until March 11, 2011. He contends that the trial court's order was therefore void because it was taken in violation of the stay. (*Franklin Sav. Ass'n v. Office of Thrift Supervision* (10th Cir. 1994) 31 F.3d 1020, 1022.)

4

As noted above, however, the bankruptcy stay under 11 U.S.C. section 362 stays actions "against the debtor" seeking to recover items that have become property of the bankruptcy estate. (11 U.S.C. § 362(a)(1).) "The policy behind the automatic stay is to preserve the status quo, protecting "the estate from being depleted by creditors' lawsuits and seizures of property in order to provide the debtor breathing room to reorganize.' [Citation.] Neither the language of § 362 nor the policy behind the automatic stay requires the stay of actions brought by the debtor. [Citation.] Nor does the stay 'prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action.' [Citation.]" (See, e.g., *Copeland v. Kandi (In re Copeland)* (Bankr. W.D. Wash. 2010) 441 B.R. 352, 360-361 [2010 Bankr. LEXIS 4130].)

In the current action, William was plaintiff. By its terms, therefore, the statute did not apply to his action, and no automatic stay took effect. We conclude the trial court had jurisdiction to rule on defendants' motion.

**B. Sufficiency of Evidence**

William next contends the evidence was insufficient to support the trial court's order declaring him to be a vexatious litigant.

*1. Standard of Review*

The trial court exercises discretion in determining whether a person is a vexatious litigant, and we uphold the trial court's determination if substantial evidence supports it. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219 (*Bravo*). We presume the trial court's order is correct, and we imply findings necessary to support it. (*Ibid.*)

5

*2. Analysis*

The trial court found that William was a vexatious litigant under both Probate Code section 1970 and Code of Civil Procedure section 391, subdivision (b)(1). Probate Code section 1970 provides: "Notwithstanding Section 391 of the Code of Civil Procedure, if a person other than the conservatee files a petition for termination of the conservatorship, or instruction to the conservator, that is unmeritorious or intended to harass or annoy the conservator, and the person has previously filed pleadings in the conservatorship proceedings that were unmeritorious or intended to harass or annoy the conservator, the petition shall be grounds for the court to determine that the person is a vexatious litigant . . . ." Code of Civil Procedure section 391 defines as a "vexatious litigant" a person who "(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 391, subd. (b)(3).)

"Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts. [Citations.] Therefore, to find that a litigant is vexatious, the trial court must conclude that the litigant[']s actions are unreasonably impacting the objects of appellant's actions and the

6

courts as contemplated by the statute." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 970-971 (*Morton*).)

Citing *Morton*, William argues that Code of Civil Procedure section 391, subdivision (b)(3) requires a showing that a person filed "dozens" of meritless motions. However, "[w]hat constitutes 'repeatedly' and 'unmeritorious' under subdivision (b)(3), in any given case, is left to the sound discretion of the trial court." (*Morton*, *supra*, 156 Cal.App.4th at p. 971.) In *Morton*, the court determined that the filing of three motions in three years relating to two separate judgments was insufficient to meet the standard of repeated filings. (*Id.* at p. 972.) The court noted, "While there is no bright-line rule as to what constitutes 'repeatedly,' most cases affirming the vexatious litigant designation involve situations where litigants have filed dozens of motions either during the pendency of an action or relating to the same judgment." (*Ibid.*) The *Morton* court cited only one case to support that statement, specifically, *Bravo*, *supra*, 99 Cal.App.4th at p. 225, in which the litigant filed about 20 motions during the same action, some of which were identical to motions previously denied.

To support their motion to have William declared a vexatious litigant, defendants requested the trial court to take judicial notice of some 34 pleadings, motions, and court orders. Many of those matters were matters initiated by defendants, and in many other matters, William was represented by counsel. As noted above, the definition of a "vexatious litigant" in Code of Civil Procedure section 391, subdivision (b)(3) is a person who, "while acting in propria persona," files repeated unmeritorious motions, pleadings, or other papers or who conducts unnecessary discovery or engages in tactics that are

7

frivolous or "solely intended to cause unnecessary delay." In assessing the sufficiency of the evidence to support the trial court's ruling, we will therefore consider only those matters initiated by William acting in propria persona. (See *Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1506.) Those matters include:

(1) objections to the appointment of a conservator;

(2) motion for a new trial;

(3) petition for an order suspending the conservator's powers;

(4) ex parte hearing re: appointment of temporary conservator;

(5) oral motion to stay;

(6) untimely Code of Civil Procedure section 170.6 challenge;

(7) dismissal of case No. E046041 in this court from an nonappealable order;

(8) denial of petition for writ in case No. E048232;

(9) dismissal based on abandonment of appeal in case No. E048252;

While those nine matters are fewer than the 20 found sufficient in *Bravo*, they are far more than the three motions over three years found insufficient in *Morton* to support a vexatious litigant finding. Moreover, we disagree with any implication in *Morton* that "dozens" of unmeritorious actions are required under Code of Civil Procedure section 391, subdivision (b)(3) before a litigant may be found vexatious. (See *Morton*, *supra*, 156 Cal.App.4th at p. 972.) Rather, as the *Morton* court further stated, there is no bright-line test to guide that determination, and we look to the underlying purposes of the statute. (*Ibid.*) Here, the trial court could reasonably conclude that William's actions unreasonably burdened other parties and courts. We therefore conclude the trial court did

8

not abuse its discretion in finding that William was a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(3).

### C. Misrepresentations to the Court

William contends defendant's counsel submitted perjured evidence and made misstatements to the trial court. It is unnecessary for us to examine whether or not any factual basis for that contention exists, because William has failed to show how such false evidence or misrepresentations would justify reversal of the trial court's orders.

### D. Failure to Obtain Approval of Presiding Justice

William was represented by counsel when the notice of appeal was filed. This court later granted counsel's request to be relieved, and William has since then represented himself. Defendants argue that he was required to obtain prior approval of the presiding justice before proceeding in propria persona, and because he failed to do so, we should dismiss the appeal.

In *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1176, the Supreme Court held that when a vexatious litigant's counsel has withdrawn, and the vexatious litigant continues the action in propria persona, the opposing party may move for an order requiring the posting of security, and if security is ordered but not furnished, the action should be dismissed. Defendants did not move for the posting of security; therefore, dismissal is not an available remedy. (*Ibid.*)

9

### III.  DISPOSITION

The judgment is affirmed.  Costs on appeal shall be awarded to defendants and respondents.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MCKINSTER

J.

RICHLI

J.

10