[No. H028942. Sixth Dist. Nov. 7, 2007.]

GAIL MORTON, Plaintiff and Respondent, v.
WALTER L. WAGNER, Defendant and Appellant.

**COUNSEL**

Walter L. Wagner, in pro. per., for Defendant and Appellant.

David W. Brown for Plaintiff and Respondent.

**OPINION**

**RUSHING, P. J.**—The trial court issued an injunction pursuant to Code of Civil Procedure section 527.6, prohibiting appellant, Walter L. Wagner, from harassing respondent, Gail Morton. Appellant did not appeal that order. Instead, appellant filed a motion for reconsideration, which the trial court later denied by an order consisting of two parts. In one part, the court denied the motion to reconsider. In the other part of the order, the court designated appellant a vexatious litigant. Appellant now appeals from both portions of the order. While the appeal was pending, this court requested that appellant show cause as to why his appeal should not be dismissed as not timely filed. After the parties submitted letter briefs, the court ordered this issue considered with the substantive appeal after full record preparation and briefing. As an order denying a motion for reconsideration is not an appealable order, we will dismiss the appeal from that portion of the trial court's order. We consider the appeal from that portion of the order designating appellant a vexatious litigant and reverse that order.

### FACTUAL AND PROCEDURAL BACKGROUND

Because of ongoing harassment dating back to the 1970's when both appellant and respondent were in law school together, the trial court in 2001 issued a three-year injunction requiring appellant to stay at least 100 yards away from respondent. We affirmed that injunction on appeal.[1] Before that injunction expired on its own terms, respondent petitioned the trial court to issue another injunction. The trial court granted that petition on January 24, 2005. Appellant timely moved for reconsideration of that order.

---

[1] The facts of the underlying action are summarized in detail in this court's prior opinion in *Morton v. Wagner* (June 24, 2003, H024187) (nonpub. opn.).

In addition to opposing the motion to reconsider, respondent filed a motion to have appellant deemed a vexatious litigant. The trial court stayed consideration of the motion for reconsideration until it could consider the vexatious litigant motion. On May 10, 2007, nearly four months after the entry of judgment, the trial court entered an order denying the motion for reconsideration, and declaring appellant to be a vexatious litigant, subject to the prefiling order requirement of Code of Civil Procedure section 391.7.

Appellant's notice of appeal, filed June 7, 2005, purports to appeal from "the decision and order . . . denying reconsideration" and the "decision granting issuance of a pre-filing order." Appellant's civil case information statement states that he is appealing from a judgment after court trial. After we received the notice of appeal and civil case information statement, we issued a notice to appellant stating that his appeal might be untimely. Both appellant and respondent responded to that notice. After considering each party's response, we directed the appeal to proceed, and ordered both the timeliness and appealability issues to be considered with the substantive appeal.

Discussion

*Appellant Has Not Appealed the Judgment*

■ Despite appellant's statement to the contrary in the civil case information statement, he has not appealed the judgment granting the petition for an injunction. His notice of appeal identifies only the order denying the motion for reconsideration and designating him a vexatious litigant as the order from which the appeal is taken. While a notice of appeal must be liberally construed, it is the notice of appeal that defines the scope of the appeal by identifying the particular judgment or order being appealed. (Cal. Rules of Court, rule 8.100(a)(2); *Luz v. Lopes* (1960) 55 Cal.2d 54, 59 [10 Cal.Rptr. 161, 358 P.2d 289]; *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361–362 [54 Cal.Rptr.2d 689].) Care must be taken in drafting the notice of appeal to identify the order or judgment being appealed so as not to mislead or prejudice respondent. (See *D'Avola v. Anderson, supra,* 55 Cal.2d at 361–362, citing 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 372, p. 374.) The notice here specifically and clearly excluded the judgment from the subject of the appeal. Even construing the notice of appeal liberally, we cannot construe it to include an appeal from the judgment because doing so would be prejudicial to respondent. (*Luz v. Lopes, supra,* 55 Cal.2d at p. 59.)

Therefore, on appeal, we will address only the order denying the motion for reconsideration and deeming appellant a vexatious litigant.[2]

*The Order Denying the Motion to Reconsider Is Not an Appealable Order.*

Although the notice of appeal from the order denying the motion to reconsider was timely, respondent argues that the appeal from that order must be dismissed because it is not an appealable order. Appellant urges us to exercise our discretion to consider the trial court's order denying his motion for reconsideration to be appealable.

■ There is a split of authority as to whether an order denying a motion for reconsideration is separately appealable. (*In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 80–81 [84 Cal.Rptr.2d 739].) The relatively recent enactment of rule 8.108(d) did not resolve this split of authority. The Advisory Committee comment to rule 8.108(d) of the California Rules of Court states that the revised rule takes no position on "whether an order denying a motion to reconsider is itself appealable (compare *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710–711 [269 Cal.Rptr. 605] [order appealable if motion based on new facts] with *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d [1151,] 1160–1161 [250 Cal.Rptr. 435] [order not appealable under any circumstances])." The Advisory Committee comment states that whether such an order is separately appealable is a "legislative matter[]." (Advisory Com. com., Cal. Rules of Court, rule 8.108(d).) The Legislature has yet to take a position on whether an order from a motion to reconsider is separately appealable.

Therefore, we must determine whether the order denying reconsideration should be considered an appealable order. The majority of recent cases have concluded that orders denying motions for reconsideration are *not* appealable, *even* where based on new facts or law. (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458–1459 [30 Cal.Rptr.3d 914]; see also *In re Marriage of Burgard, supra,* 72 Cal.App.4th at pp. 80–81.) These courts have concluded that orders denying reconsideration are not appealable because "Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." (*Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242 [87 Cal.Rptr.2d 346]; see also *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769 [57 Cal.Rptr.2d 818]; *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210

---

[2] As there is no appeal from the judgment itself, we need not determine whether the motion for reconsideration extended the time to file a notice of appeal from the judgment pursuant to California Rules of Court, rule 8.108(d). Nor will we address any issues related to the merits of the judgment granting an injunction against appellant.

[30 Cal.Rptr.2d 678]; *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 333, fn. 1 [60 Cal.Rptr.2d 539]; *Estate of Simoncini* (1991) 229 Cal.App.3d 881, 891 [280 Cal.Rptr. 393]; *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, fn. 2 [267 Cal.Rptr. 764].) Nothing in the circumstances of this case persuades us to disregard the reasoning of those cases. We conclude the trial court's order denying appellant's motion for reconsideration is *not* an appealable order. (*Annette F. v. Sharon S., supra*, 130 Cal.App.4th at p. 1459.)

Here, the trial court concluded that appellant's motion was not based on new facts or law, stating that appellant, "failed to satisfy the requirements of Code of Civil Procedure [section] 1008. Instead, [appellant] argued the evidence did not support the issuance of an injunction and disputed the veracity of facts that supported the [Respondent's] initial application for a restraining order." As the motion to reconsider was not based on new facts or law, the appeal as to that order must be dismissed in its entirety as taken from a nonappealble order.

*Order Designating Appellant a Vexatious Litigant*

In addition to denying the motion for reconsideration, the trial court issued an order declaring appellant a vexatious litigant. Appellant contends that this order was improper. We review the trial court's ruling that plaintiff is a vexatious litigant for substantial evidence. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219 [120 Cal.Rptr.2d 879] (*Bravo*).) Because the trial court is best situated to receive evidence and hold hearings on the question of whether a litigant is vexatious, on appeal, we are required to presume the order declaring a litigant vexatious is correct and to imply findings necessary to support that designation. (*Bravo, supra*, 99 Cal.App.4th at p. 219.) Of course, we can only imply such findings where there is evidence to support them. Where there is insufficient evidence to imply findings in support of the designation, reversal is required. (*Roston v. Edwards* (1982) 127 Cal.App.3d 842, 848 [179 Cal.Rptr. 830].)

Evidence that a litigant is a frequent plaintiff or defendant alone is insufficient to support a vexatious litigant designation. (*Roston v. Edwards, supra*, 127 Cal.App.3d at p. 847.) "[A] person is not a vexatious litigant unless a court has found that he comes within the definitions in [Code of Civil Procedure] section 391 . . . ." (*Ibid.*)[3] That section sets forth four separate definitions of vexatious litigant. A court must find that the litigant falls under one of the four. Here, the trial court found that appellant fell under the definition of vexatious litigant set forth in Code of Civil Procedure, section

---

[3] California Code of Civil Procedure section 391, subdivision (b) states in relevant part, " 'Vexatious litigant' means a person who does any of the following:

"(1) In the immediately preceding seven-year period has commenced, prosecuted, or

391, subdivision (b)(3); because "while acting in propria persona, [he] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." In its order, the trial court held, "Based on Defendant's conduct in this case, there is sufficient evidence to find him a vexatious litigant under [Code of Civil Procedure section] 391(b)(3). . . . [¶] First, Defendant's Motion to Reconsider this Court's Dec. 28, 2001, decision to grant Plaintiff's restraining order, filed on Jan. 4, 2002, was not based on new or different circumstances of law or fact as required by Code of Civil Procedure [section] 1008. Instead, Defendant contended the Court's denial of his second request to continue was in error and the evidence was insufficient to warrant an injunction. Defendant filed the motion pro per although his attorney filed the reply brief. [¶] Second, Defendant's Motion to Modify Order After Hearing on Petition filed on Mar. 15, 2002, seeking to reduce the restraining order's 100-yard restriction to 50 years, was not based on a material change in facts or law required by either Civil Code [section] 3424 or Code of Civil Procedure [section] 533. Instead, Defendant reargued facts the Court had already considered—that Defendant conducted work in downtown Monterey. [¶] Third, Defendant's Motion to Reconsider this Court's Jan. 18, 2005, order filed on Jan. 24, 2005, failed to satisfy the requirements of Code of Civil Procedure [section] 1008. Instead, Defendant argued the evidence did not support the issuance of an injunction and disputed the veracity of facts that supported the Plaintiff's initial application for a restraining order." The trial court concluded that three cited motions filed over the course of three years as to two separate judgments were sufficient to declare appellant a vexatious litigant. Neither the law nor the facts support this conclusion.

■ Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who

---

maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

"(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

"(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

"(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts. (*Wolfe v. Strankman* (9th Cir. 2004) 392 F.3d 358; *People v. Harrison* (2001) 92 Cal.App.4th 780 [112 Cal.Rptr.2d 91].) Therefore, to find that a litigant is vexatious, the trial court must conclude that the litigants actions are unreasonably impacting the objects of appellant's actions and the courts as contemplated by the statute.

Here, there is no evidence that appellant, has been involved in litigation as a party with anyone other than respondent. That litigation has involved two defamation lawsuits filed by appellant, one in federal court and one in Hawaii state court, and two petitions for restraining order filed by respondent where appellant was a defendant. While the history of harassment may date back to their law school days in the 1970's, and has obviously been an emotional burden on respondent, the issuance of the injunction is sufficient to address this problem. The ongoing harassment is irrelevant to the vexatious litigant designation. Only the quantity and quality of the litigation promulgated by respondent is relevant to that question. We cannot say, from the record before us, that the litigation has been of the nature contemplated by the statute. There is no evidence of persistent or obsessive litigiousness by appellant. There is no evidence that the litigation has caused respondent serious financial results or that his actions have placed an unreasonable burden on the courts.

Not only does the designation violate the spirit of the statute, it is inconsistent with the specific requirements of the statute itself. Because appellant has not filed five lawsuits in seven years, by definition, he could not be vexatious under Code of Civil Procedure section 391, subdivision (b)(1). Nor is there any evidence that after a litigation, filed by him, was resolved against him, he continued to attempt to relitigate the issues against the same defendants, as required by subdivision (b)(2). Obviously realizing this, the trial court chose to designate appellant vexatious under subdivision (b)(3).

█ Unlike Code of Civil Procedure section 391, subdivision (b)(1), subdivision (b)(3) does not specify either a timeframe or quantity of actions necessary to support a vexatious litigant finding under that section. Subdivision (b)(1) requires that a litigant file at least five meritless actions in a seven year period; while subdivision (b)(3) requires only that a litigant "*repeatedly* file[] unmeritorious motions, pleadings, or other papers, conduct[] unnecessary discovery, or engage[] in other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 391, subd. (b)(3), italics added.) What constitutes "repeatedly" and "unmeritorious" under subdivision (b)(3), in any given case, is left to the sound discretion of the trial court. (*Holcomb v. U.S. Bank Nat. Assn.* (2005) 129 Cal.App.4th 1494, 1505–1506 [29 Cal.Rptr.3d 578].)

This discretion, while broad, is not unfettered. Here, the evidence does not support the finding that appellant's motions were so numerous, "unmeritorious" or "frivolous" as to come within the meaning of the vexatious litigant legislation.

■ *Appellant did not "repeatedly" file motions.* The trial court's order identifies three motions filed by appellant over the course of three years and in relation to two separate judgments, and concludes that these motions are sufficient to show that defendant "repeatedly" filed motions within the meaning of the vexatious litigant statute. While there is no bright-line rule as to what constitutes "repeatedly," most cases affirming the vexatious litigant designation involve situations where litigants have filed dozens of motions either during the pendency of an action or relating to the same judgment. (*Bravo, supra,* 99 Cal.App.4th at p. 225 [litigant filed numerous motions contesting appointment of the special discovery master; six motions challenging judge or his rulings; five motions for sanctions against opponent, opponent's attorney, judge and special master; a motion for continuance; and a motion for new trial].) In *Bravo* the court found that approximately 20 motions constituted "repeated" because they all arose during the same action and many of the motions were identical to motions previously brought and denied. This was hardly the case here. Here, appellant's three motions were filed over the course of three years and related to two separate judgments, and there is no evidence that appellant brought motions other than the ones the court specified.

This is not to say that only three motions could *never* form the basis for a vexatious litigant designation where perhaps they all seek the exact same relief which has already been denied or all relate to the same judgment or order or are filed in close succession. However, the three motions brought by appellant between 2002 and 2005 simply do not support a finding that appellant "repeatedly" filed motions.

■ Appellant's motions, while unsuccessful, were not the "unmeritorious" or "frivolous" types of motions contemplated by the vexatious litigant statute. Not all failed motions can support a vexatious litigant designation. The repeated motions must be so devoid of merit and be so frivolous that they can be described as a " 'flagrant abuse of the system,' " have "no reasonable probability of success," lack "reasonable or probable cause or excuse" and are clearly meant to " 'abuse the processes of the courts and to harass the adverse party than other litigants.' " (See *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 55 [61 Cal.Rptr.2d 694].)

Two of defendant's motions were motions to reconsider and one was a motion to modify the proximity limitation in the restraining order. While none of the motions were successful and none of them made the statutorily required showing, they cannot be said to be "sham" motions intended solely to harass. (See *Wolfgram v. Wells Fargo Bank, supra,* 53 Cal.App.4th at p. 57.)

In enacting California Rules of Court, rule 8.108(d), which allows an extension of time to file a notice of appeal where appellant has filed a motion to reconsider pursuant to Code of Civil Procedure section 1008, the Legislature expressed favor for motions to reconsider. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477 [36 Cal.Rptr.3d 754].) The reason is that motions to reconsider allow the trial court to consider new facts or law relevant to its order before resort to the appellate process. Here, appellant filed two such motions three years apart. One after each injunction issued by the trial court. While his motions did not raise the required jurisdictional grounds of new law or facts, no small number of these motions fail on the same grounds. Despite this common failing, these motions are still favored because when they are successful, they obviate the need for appellate review.

Appellant's third motion sought to reduce the stay away distance from 100 yards to 50 yards. While he was unable to successfully show a change of circumstances sufficient to warrant the change, he attempted to show, with the passage of time, the impact the 100 yard stay-away order had on his conduct of business in the small town of Monterey. He could not travel the main street in downtown Monterey, precluding him from conducting business with officials and business persons on Alvarado Street. This was a colorable motion. The court denied the motion, but it cannot be said that the motion was completely improper or meant solely to abuse the process.

■ All three of defendant's motions relied on established and favored procedures for petitioning the court to modify or reconsider their order. Once appellant moved to reconsider the original order, and that request was denied, he did not continue to petition the court for redress in suspicious or unconventional ways. He accepted the judgments and orders and sought redress from the reviewing court. Under these circumstances, appellant cannot be found to have abused the process by filing unmeritorious and frivolous motions simply to harass respondent. Therefore, these motions do not support a vexatious litigant designation.

DISPOSITION

The appeal from the order denying the motion to reconsider is dismissed as taken from a nonappealable order. The order designating appellant a vexatious litigant is reversed. The prefiling order requirement is hereby stricken. The clerk of this court is directed to forward a copy of this opinion to the Judicial Council with instructions that they remove appellant's name from the list of vexatious litigants. Each party to bear their own costs on appeal.

Premo, J., and Elia, J., concurred.

A petition for a rehearing was denied December 7, 2007, and the opinion was modified to read as printed above.