Filed 11/17/14  Andersen v. Cate CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANDREW ANDERSEN,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>MATTHEW CATE, as Secretary, etc. et al.,<br><br>　　　Defendants. | H035912<br>(Monterey County<br>Super. Ct. No. M96461) |

Andrew Andersen appeals an order of the trial court declaring him a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(3).[1]  The origin of this case is appellant's contention that while he was incarcerated in Salinas Valley State Prison, officials withheld personal property that he ordered from prison-approved vendors.  The property that was the subject of the appellant's litigation was a clip-on lamp, four boxes of Pasta Roni and candy.  During the pendency of the litigation, appellant ultimately received the property.

### STATEMENT OF THE FACTS AND CASE

The litigation regarding appellant's property began on January 21, 2009, when appellant filed the first of three complaints seeking injunctive and declaratory relief.  Appellant alleged that respondents confiscated his personal property without fair notice

---

[1]  All further statutory references are to the Code of Civil Procedure.

and that the items he ordered should not have been prohibited because they were from prison-approved vendors.

On May 29, 2009, appellant filed an application for a temporary restraining order and motion for preliminary injunction requesting possession of the property. On June 19, 2009, appellant filed his second amended complaint. On July 9, 2009, appellant filed an "Amended Second Application for TRO and Amended Notice of Motion and Amended Motion for Second Preliminary Injunction." At the same time, appellant asked the court to find Warden Hedgpeth of Salinas Valley State Prison in contempt, but later withdrew that request. Appellant then filed a "Notice of Application for Writ of Possession and Hearing." One week later, appellant filed a "Supplemental Memorandum of Points and Authorities in Support of" his second application for a TRO and preliminary injunction with an additional declaration. On July 22, 2009, he filed the "Third Amended Complaint for Injunctive and Declaratory Relief."

Respondents filed a demurrer to appellant's third amended complaint, which the superior court overruled on September 18, 2009. At the same time, the court denied appellant's motions for a TRO and preliminary injunction. In August 2009, appellant filed a second application for writ of possession, but he later withdrew this application. In November 2009, appellant filed a motion to reconsider the denial of his request for a preliminary injunction that was almost 100 pages in length. Appellant also filed a demurrer and motion to strike respondents' answer to the third amended complaint. At the same time, the court granted appellant's motion to compel discovery responses.

Beginning in 2010, appellant filed five separate discovery motions, including additional amendments and supplements. The superior court held seven hearings in this matter in eight months.

On March 12, 2010, respondents filed a motion to declare appellant a vexatious litigant pursuant to Code of Civil Procedure section 391, et seq. The court granted respondents' request and declared appellant to be a vexatious litigant on June 2, 2010.

Appellant filed two appeals and one writ in this court during the course of this litigation. Appellant's first filing here was a petition for writ of mandate, and was denied by this court on October 7, 2009 (*Andersen v. Superior Court* (H034563, Oct. 7, 2009) [nonpub. opn.]).

In March 2010, appellant filed an appeal that was deemed abandoned. (*Andersen v. Cate, et al.* (H035346, Apr. 1, 2010) [appeal abandoned].) In appellant's third filing, this court affirmed the order of the trial court denying his petition for a temporary restraining order and preliminary injunction (*Andersen v. Cate, et al.* (H034596, Mar. 29, 2011) [nonpub. opn.]).

## DISCUSSION

Appellant challenges the court's order declaring him a vexatious litigant. "We review the trial court's ruling that plaintiff is a vexatious litigant for substantial evidence. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219 (*Bravo*).) Because the trial court is best situated to receive evidence and hold hearings on the question of whether a litigant is vexatious, on appeal, we are required to presume the order declaring a litigant vexatious is correct and to imply findings necessary to support that designation." (*Morton* v. *Wagner* (2007) 156 Cal.App.4th 963, 969 (*Morton*).)

A vexatious litigant is one who while acting in propria persona "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

Here, there is no question that appellant falls within the definition of a vexatious litigant under section 391, subdivision (b)(3). Specifically, appellant filed numerous

3

unmeritorious motions in his unsuccessful attempt to obtain a preliminary injunction against defendants for return of his property. Not only did appellant request the court issue injunctions against respondents on two occasions, but he filed supplemental and amended declarations to support the requests numerous times. Throughout the hundreds of pages of documents appellant filed related to his requests for injunction, he failed to make any showing that he would be irreparably harmed if the property he requested was not returned to him. Indeed, appellant admitted that the requested property was being held in storage at the prison pending a decision on the safety issues presented. The trial court denied both of appellant's unmeritorious requests for injunction.

Following the court's denial of the injunction, appellant filed a motion for reconsideration. The court denied the motion. Appellant then appealed the denial of his application for a TRO and preliminary injunction. This court affirmed the trial court's ruling. (*Andersen v. Cate, et al., supra*, H034596 [nonpub. opn.].)

In addition to all of the filings related to the requests for injunction, appellant also filed two applications for a writ of possession after hearing for return of his property. These applications sought the same relief as was sought in his requests for injunction. After hearing, the court denied the first application for writ of possession, and appellant later voluntarily withdrew the second application on because the property had been returned to him.

Appellant filed two unmeritorious demurrers to respondents' answers to his complaint. Specifically, appellant filed a demurrer and motion to strike respondents' answer. In response to the demurrer, respondents lodged an amended answer. However, despite respondents' filing the amended answer, appellant continued to pursue his demurrer and motion to strike the original answer, arguing that respondents did not have a right to file an amended answer. The court denied his motion to strike based on section 472, which allows amendment of pleadings before a hearing on a demurrer.

4

Appellant filed a second unmeritorious demurrer and motion to strike appellants' first amended answer. The court overruled appellant's demurrer and denied his motion to strike. The court noted that "[appellant]'s motion to strike cites no legal authority."

In addition to the litigation discussed above, appellant also filed four unmeritorious motions to compel discovery. These motions did not comply with the meet and confer requirement set forth in the Code of Civil Procedure. (§§ 2033.290, subd. (b), 2031.310, subd. (b), (2).) Notably, appellant filed his motions to compel on the same day that respondents' counsel received appellant's meet and confer letter demanding further responses.

In this appeal, appellant argues at length about this court's decision in *Morton* 156 Cal.App.4th 963. In *Morton,* the trial court declared defendant Wagner to be a vexatious litigant because, over the course of three years, Wagner filed three unsuccessful motions: two motions to reconsider and one motion to modify an order. (*Id.* at p. 970.) On appeal, this court reversed the trial court, holding that Wagner's minimal filings in this case did not support a finding that he was a vexatious litigant. (*Ibid.*)

The present case is readily distinguished from that in *Morton.* Here, appellant filed voluminous motions, applications, requests, supplements, amendments, and appeals in pursuit of return of his property. Indeed, the trial court held seven hearings over the span of eight months in this case. The sheer volume of appellant's filings cumulatively demonstrate his vexatiousness. (See, e.g., *Galin v. Allenby* (2010) 190 Cal.App.4th 616, 639.) Appellant's litigation conduct unreasonably impacted both respondents and the courts, and qualifies him for a designation of vexatious litigant.

## DISPOSITION

The order is affirmed.

5

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

6