Filed 1/21/16  Marriage of van Dockum CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of PATRICIA and RENE VAN DOCKUM. | |
| | D066068 |
| PATRICIA VAN DOCKUM, | |
| Respondent, | (Super. Ct. No. ED59213) |
| v. | |
| RENE VAN DOCKUM, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Reinier van Dockum, in pro. per., for Appellant.

No appearance for Respondent.

Rene van Dockum (Rene)[1] appeals an order modifying his obligation to pay child support. He contends the court erroneously imputed income to him based on recurring family gifts and the amount of his monthly expenses.

Where, as here, "a party receives recurring gifts of money, the trial court has discretion to consider that money as income for purposes of the statewide uniform child support guidelines." (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 722-723 (*Alter*).) Moreover, given a $4,000 discrepancy between Rene's reported income and his expenses, the court did not abuse its discretion in also imputing income based on his expenses.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Unsupported Factual Assertions Are Disregarded*

Rene is self-represented on appeal. His brief, which purports to raise seven issues, contains almost no record citations. Of the seven issues he purports to raise on appeal, only two contain citation to legal authority. As explained *post*, these deficiencies limit appellate review in this case.

Each statement in a brief, whether factual or procedural, whether in the statement of facts, the procedural history, or the argument portion of the brief, must be supported by a citation to the record. (Cal. Rules of Court,[2] rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 (*Barringer* ).) The appellate court will

---

[1]    As is customary in family law cases, we refer to the parties by their first names for clarity.

[2]    All citations to rules are to the California Rules of Court.

ignore factual assertions that are not supported by a citation to the record. (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2.)

When a brief fails to refer to the record in connection with the points raised on appeal, the appellate court may treat those points as having been waived. (*Barringer, supra,* 102 Cal.App.4th at p. 1239.) Moreover, "'An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. "Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] waived."'" (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 (*Dietz*).) "'We are not required to search the record to ascertain whether it contains support for [appellant's] contentions.," and it is "not the role of an appellate court to construct legal theories to defeat the presumption of correctness of a judgment." (*Dietz*, *supra*, 177 Cal.App.4th at pp. 800-801.)

Although we recognize that Rene is self-represented on appeal, unrepresented litigants are held to the same standards as attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

The factual and procedural history sections in Rene's brief contain only four citations to the record, showing: (1) His income in 2012 varied between $1,400 and $1,900 per month; (2) his 2011 tax return shows $2,250 in monthly net sales; and (3) he

3

spent $22,000 in attorney fees. Based on the above authorities, we disregard all other factual assertions in Rene's "Statement of the Case" and "Statement of Facts."

B. *Basic Facts and Procedural History*

Although we are not obligated to independently review the record to develop an appropriate factual and procedural background for Rene's appeal, the essential facts as reflected in the record are as follows.

Rene and Patricia are divorced and have one minor child. As of October 2012, Rene was obligated to pay $500 each month in child support.

From 1990 to 2012, Rene was self-employed, selling motorcycle parts on the Internet. In 2011 Rene had approximately $98,000 in gross receipts from his business.

In October 2012 Rene stopped doing business and claimed to be in poor health. He sought a modification of his existing child support obligation, asserting these facts constituted a "substantial change of circumstances." He filed an income and expense declaration stating he had $0 monthly income and $4,061 in monthly expenses, plus a $466 car payment that was six months in arrears.[3]

At the hearing, Rene admitted that after closing his business, he took a six-week European vacation that his mother paid for, and he recently obtained financing to purchase a $20,000 car. Rene's mother, aunt, and an unidentified "friend" are giving him money to pay his rent and other monthly expenses. Although Rene characterized these as loans, the record does not contain any promissory note or other evidence of indebtedness.

---

[3] Patricia testified her gross income is approximately $3,132 per month. Patricia has remarried and her husband earns approximately $2,500 per month.

4

Rene testified he was incapable of working. He claimed to be unable to stand more than 30 minutes and to also have trouble sitting. He testified he has arthritis, hypertension, and a pituitary gland ailment. However, neither the clerk's nor reporter's transcript contains medical evidence substantiating any of these assertions.

Rene testified he could not resume work for at least six months to a year because he was "stressed out over this whole situation." He blamed his business failure on the results of a bank levy placed on his account for past due child support.

Patricia stated that Rene's bank accounts showed he had deposited over $235,000 from January 2010 through January 2012. During this period, Rene paid $22,000 in attorney fees and purchased a late model car.

In determining the amount of monthly child support that Rene is legally obligated to pay, the court imputed $4,061 in monthly income to Rene, stating:

> "For father [Rene], the court finds at the very least the court should impute his current monthly expenses. The court finds that father is able to afford his estimated monthly expenses, as he reports them in his October 10, 2012 income and expense declaration, and that is either from his own self-employment income or from current frequent and repeating gifts from family members. From either source the court finds that it is proper to impute to him the gross monthly income, and it is listed as self-employment at $4,061 with no deductions. The court orders Guideline child support from father to mother in the amount of $364 per month."

At the conclusion of the hearing, the court ordered Patricia's lawyer to prepare a written order. For unexplained reasons, it appears that no written order was submitted to the court until more than a year later, on April 11, 2014. On May 23, 2014, Rene timely

5

filed a notice of appeal from the order entered April 11, 2014. Patricia did not file a

respondent's brief.[4]

DISCUSSION

I. *GENERAL PRINCIPLES OF CHILD SUPPORT MODIFICATION*

A. *Standards for Modification of Child Support*

A child support order "may be modified . . . at any time as the court determines

to be necessary." (Fam. Code,[5] § 3651(a).) If the payor spouse seeks a reduction in child

support based on a job loss, courts may invoke income imputation rules to determine

whether there has been a sufficient change of circumstances warranting a reduction in

support. (§ 4058(b);[6] *In re Marriage of Eggers* (2005) 131 Cal.App.4th 695, 699

(*Eggers*).) Under these rules, the court examines whether the spouse has the ability and

opportunity to earn the same level of income as before the job loss. (*Id.* at pp. 700-701.)

The relevant focus is on the party's earning capacity, which "represents the income the

spouse is reasonably capable of earning based upon the spouse's age, health, education,

marketable skills, employment history, and the availability of employment

opportunities." (*In re Marriage of Simpson* (1992) 4 Cal.4th 225, 234.)

---

4      Patricia's failure to file a brief is not a default (i.e., an admission of error). We examine the record to see if it supports any claims of error made by the appellant. (*Christina L. v. Chauncey B.* (2014) 229 Cal.App.4th 731, 734, fn. 1.)

5      Unless otherwise specified, all statutory references are to the Family Code. When referring to statutory subparts in this code, the word "subdivision" is omitted.

6      Section 4058(b) states: "The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children."

When a payor spouse seeks to reduce his or her payments, this spouse has the burden to establish that he either lacked the ability to find employment or had no reasonable opportunities to obtain employment. (*Eggers, supra*, 131 Cal.App.4th at p. 701.)

B. *The Standard of Review*

"The standard of review for an order modifying a child support order is well established. '[A] determination regarding a request for modification of a child support order will be affirmed unless the trial court abused its discretion, and it will be reversed only if prejudicial error is found from examining the record below.'" (*In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1233-1234.)

On appeal, we consider whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion. "'We do not substitute our own judgment for that of the trial court, but determine only if any judge reasonably could have made such an order.'" (*Alter*, *supra*, 171 Cal.App.4th at pp. 730-731.)

C. *Imputed Income*

"Trial courts must calculate child support in accordance with the mathematical formula contained in Family Code section 4055. [Citation.] This mandatory formula 'takes into account both parents' "net monthly disposable income" (§ 4055[(a), (b)]), which is determined based upon the parents' "annual gross income" (§ 4058). Section 4058[(a)] defines "annual gross income" as "income from whatever source derived," and lists more than a dozen possible income sources to be considered as part of annual gross

7

income.'"  (*In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1312, fn. omitted.)

"In determining a parent's income for purposes of calculating guideline child support, a trial court . . . may, in its discretion, impute to that parent an income different from his or her actual income—i.e., an income amount that corresponds with that parent's earning capacity."  (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 642 (*Sorge*).)  """[F]or purposes of determining support, 'earning capacity' represents the income the spouse is reasonably capable of earning based upon the spouse's age, health, education, marketable skills, employment history, and the availability of employment opportunitites."""  (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 775.)

"[T]he court is not required to utilize a parent's actual income in setting child support if it determines that the parent's actual income does not reflect that parent's earning capacity."  (*Sorge, supra,* 202 Cal.App.4th at p. 644. italics omitted.)  "'The strong public policy in favor of providing adequate child support has led to an expansive use of the earning capacity doctrine in setting the level of support when consistent with the needs of the child.'"  (*Id*. at p. 645.)

## II.  *THE COURT DID NOT ABUSE ITS DISCRETION IN IMPUTING INCOME TO RENE*

The court did not abuse its discretion in imputing $4,061 in monthly income to Rene.  Rene testified he is too ill to work and is dependent on his mother's generosity to pay his monthly expenses.  However, Rene's alleged disabilities did not prevent him from taking a seven-week all-expense-paid European vacation in summer 2012.  Moreover,

8

there is evidence showing Rene had bank deposits of $134,000 in 2010, $93,000 in 2011, and $81,000 in 2012. Rene was also sufficiently solvent to qualify for a $20,000 automobile loan.

Rene testified he was only able to pay his $4,061 in monthly expenses from money given him by his mother, aunt, and others. It would be reasonable to conclude that Rene would continue to receive such gifts from his family because Rene had been relying on such gifts for his living expenses for some time. Therefore, the court properly exercised its discretion in considering these recurrent gifts as income. "[T]he question of whether gifts should be considered income for purposes of the child support calculation is one that must be left to the discretion of the trial court." (*Alter, supra,* 171 Cal.App.4th at p. 737.)

As an alternative basis for its order, the court also properly exercised its discretion in imputing income based on Rene's monthly expenses. As noted, Rene's verified income and expense declaration stated he earned $0 income. Yet, he reported $4,061 in monthly expenses. The court determined Rene's account of his own income was not credible, and thus the court was not bound by it.

Given that Rene's expenses exceeded his claimed income by more than $4,000 per month, the court was within its discretion to calculate Rene's actual income based upon his expenses. (See, e.g., *J.W.J. v. D.C.* (*In re Jo.J.*) (Ind.Ct.App. 2013) 992 N.E.2d 760, 769 [trial court did not err in imputing income to father based on his reported expenses, especially in light of "'Father's history of under representing his income and the large discrepancy between his reported income and his expenses'"]; *Turco v. Turco*

9

(N.Y.App.Div. 2014) 117 A.D.3d 719, 723 [985 N.Y.S.2d 261, 266] [where defendant's expenses exceeded his claimed income by $100,000, court properly imputed an additional $100,000 income based on expenses]; *Byers v. Ovitt* (Alaska 2006) 133 P.3d 676, 683 [imputing income based on expenses].)

Rene contends the court erred in imputing income because he had "no ability to work at the time the motion was heard," and he was unable to operate his Internet business "[w]ithout a merchant account." However, the court was not required to believe Rene's self-serving testimony he was unable to work. The record contains no medical evidence about Rene's alleged disabilities, illnesses, or medical conditions. Moreover, Rene's credibility was undercut by the undisputed evidence he took an all-expense paid seven-week European vacation in the midst of his claimed disability. Additionally, the demise of his business, which Rene attributes to his inability to process credit card payments, was self-inflicted: Rene testified his banking problems were the result of a levy imposed on his account because of his past-due child support payments.

Rene also asserts the court erred in imputing income because the court did not take into consideration the cost of goods sold and other business expenses. Rene argues, "Any reasonably intelligent High School Student understands the cost of goods sold." Citing *In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317 and *In re Marriage of Regnery* (1989) 214 Cal.App.3d 1367, Rene contends the court abused its discretion because there was no evidence he had the ability to earn.

However, the record does not support Rene's assertions. Rene's argument ignores monetary gifts the court properly considered as part of Rene's imputed income and which

do not appear in Rene's income tax returns. (*Alter, supra,* 171 Cal.App.4th at pp. 734-735 ["It is true that gifts are not included as income under federal tax law. But federal tax law is not conclusive."].) Contrary to Rene's assertions, the court did not abuse its discretion in determining Rene had the ability and opportunity to earn imputed income. The court was entitled to discredit Rene's testimony that he could not return to work for upwards of a year because he was "stressed out over this whole situation."

### III. *THE ORDER DENYING ATTORNEY FEES IS NOT PROPERLY BEFORE THIS COURT*

In August 2013, almost a year after the court modified Rene's child support obligation, Rene filed a "Request for Order" that Patricia pay $38,000 in "past" attorney fees and $1,240 in costs, plus an additional $14,300 in anticipated future attorney fees.

Patricia filed opposition disputing Rene's assertions.

When Rene did not appear for the scheduled hearing in November 2013, the court dismissed the request for order without prejudice.

In his brief here, Rene contends the court "erred when it did not address the attorney's fees request but instead dismissed it." Without citation to anything in the record, Rene contends the court "refused to put the motion back on calendar."

This issue is not properly before this Court. Rene's notice of appeal states he is appealing the "judgment or order . . . entered on april [*sic*] 11th, 2014." To the extent the order of November 26, 2013, dismissing Rene's request for order awarding attorney fees and costs is appealable, Rene did not appeal from it. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967 ["While a notice of appeal must be liberally construed, it is the

11

notice of appeal which defines the scope of the appeal by identifying the particular judgment or order being appealed."].)

Moreover, even if Rene's notice of appeal had included an appeal from the order dismissing his request for attorney fees and costs, the issue would be waived or forfeited because the factual assertions in Rene's brief are unsupported by the record and his legal arguments contain no citation to any relevant legal authorities. (*Dietz*, *supra*, 177 Cal.App.4th at pp. 800-801.)

## IV. *RENE'S OTHER APPELLATE ARGUMENTS ARE FORFEITED*

In separate arguments in his brief, Rene also contends the court (1) committed "abuse of process" by making findings "that were not asked for"; (2) conducted the hearing without notice; (3) erroneously determined there was no "disparity of income"; (4) erred because "[t]here is no logic to imputing income based on expenses"; and (5) erred in calculating his income "as gross sales."

These arguments are forfeited because the factual assertions in these sections of Rene's brief are not supported by record citations and Rene cites no legal authority. (*Dietz*, *supra*, 177 Cal.App.4th at pp. 800-801.)

DISPOSITION

The order is affirmed.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.