Filed 8/19/22  Smith v. Yelp CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARK SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YELP INC.,<br><br>    Defendant and Respondent. | A162749<br><br>(Alameda County<br>Super. Ct. No. RG20051877) |

Mark Smith, a self-represented litigant, filed a lawsuit against Yelp Inc. (Yelp).  The trial court granted Yelp's special motion to strike, and it later awarded Yelp attorney fees and costs.  (Code Civ. Proc., § 425.16; statutory references are to this code.)  Smith — again representing himself — appeals.  We decline to reach the merits of Smith's challenge to the order granting the motion to strike.  We affirm the attorney fee order.

## BACKGROUND

Smith owns a business that claims to, among other things, help clients submit fictitious business name statements.  He has a business owner account with Yelp, a website that publishes user-submitted business reviews.  In 2020, Smith filed a complaint alleging Yelp was negligent for failing to remove a "false review" of his business.  According to the complaint, Yelp

1

"kept the review posted" after Smith notified Yelp the review contained "false information." Smith sought $1 million in damages.

Yelp filed a special motion to strike. On January 12, 2021, the trial court granted the motion and dismissed the complaint. It concluded Smith's negligence claim arose from protected activity — the posting of a consumer review, in connection with an issue of public interest, on a public forum. The court also determined Smith could not demonstrate a probability of prevailing for several reasons, including that Yelp's terms of service state it owes account holders no duty to remove third-party reviews and that it cannot be held liable for declining to do so. The clerk served a file-endorsed copy of the order the following day.[1]

Thereafter, Yelp sought $3,190 in attorney fees and $973.15 in costs, supported by a declaration from counsel listing his hourly rate, describing the work he performed, and seeking fees for 5.8 hours of work. (§ 425.16, subd. (c).) Smith did not timely oppose the motion. On March 23, 2021, the trial court granted the motion. It found that Yelp's hourly rate and hours worked were reasonable, particularly because Yelp excluded from its fee request the bulk of the time counsel spent preparing the special motion to strike and the attorney fee motion.

In May 2021, Smith appealed. The notice of appeal states Smith is appealing the order on the "motion to strike" issued on March 23 pursuant to section 425.16, subdivision (c). The notice attaches the attorney fee order.

---

[1] We augment the record to include the trial court's proof of service of the file-endorsed order granting the motion to strike. (Cal. Rules of Court, rule 8.155(a)(1)(A); rule references are to the Rules of Court.)

## DISCUSSION

Smith makes two arguments on appeal. First, he contends the trial court erred by granting the special motion to strike. We lack the power to consider the merits of this argument because Smith did not timely appeal the order granting the motion to strike. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) An order granting a special motion to strike is immediately appealable. (§§ 425.16, subd. (i); 904.1, subd. (a)(13).) Smith had 60 days from the date the trial court served the file-endorsed copy of the order — until March 14, 2021 — to appeal. (Rule 8.104(a)(1)(A); *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 280.) He did not file the notice of appeal until late May, well after the deadline expired. Because Smith failed to timely appeal the order granting the motion to strike, we cannot consider his challenge to the order. (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 68.)

We cannot reach the merits of the order granting the motion to strike for an additional reason — the notice of appeal does not mention the order. The notice of appeal "defines the scope of the appeal by identifying the . . . order being appealed." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) We do not have the power to review an order not mentioned in the notice of appeal. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Here, the notice of appeal states Smith is appealing the order on the "motion to strike" issued on March 23, 2021, pursuant to section 425.16, subdivision (c), which authorizes attorney fee awards. The notice of appeal attaches the attorney fee order. (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661 ["notice of appeal addressed and explicitly described—to the point of attaching a copy—only the judgment [for] costs"].) Because the record demonstrates Smith appealed only from the order awarding attorney fees, we cannot construe the notice to

3

apply to a different order issued months earlier. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225–226; *Russell*, at p. 661.)

Smith's next argument — that the trial court erred by awarding Yelp attorney fees — is properly before us, but it lacks merit. A prevailing defendant on a special motion to strike is entitled to recover reasonable attorney fees and costs. (§ 425.16, subd. (c)(1).) A trial court computes the amount of the fee award using the lodestar method, i.e., " 'by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work.' " (*Cabral v. Martins* (2009) 177 Cal.App.4th 471, 491.) Here, Yelp supported its request for attorney fees with a declaration from counsel attesting to his hourly rate, the hours worked, and the tasks performed. (*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1059.) And Smith did not timely oppose the motion. On this record, Smith has failed to show the court abused its discretion in awarding Yelp $3,190 in attorney fees. (*Marshall v. Webster*, *supra*, 54 Cal.App.5th at pp. 287–288; see also *Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602 [failure to oppose motion in the trial court waived objections on appeal].)

## DISPOSITION

The March 2021 order awarding Yelp attorney fees and costs is affirmed. The parties are to bear their own costs on appeal. (Rule 8.278(a)(5).)

_____
Rodríguez, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Fujisaki, J.

A162749