Filed 10/23/23  P. v. J.C. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.C.,<br><br>    Defendant and Appellant. | 2d Crim. No. B325815<br>(Super. Ct. No. 2013009594)<br>(Ventura County) |

Relying on Welfare and Institutions Code[1] section 801, subdivision (a), J.C. appeals a superior court order denying his motion for reconsideration regarding his request to transfer his case from criminal court to juvenile court.  We conclude, among other things, that the December 22, 2022, order J.C. has appealed from does not fall within section 801, which authorizes appellate jurisdiction.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

Nevertheless, as we shall explain, J.C. will receive a hearing in the juvenile court to determine whether he should be tried as an adult or a juvenile.

FACTS

A grand jury indictment alleged that on January 17, 2009, J.C. committed murder (Pen. Code, § 187, subd. (a)) for the benefit of a criminal street gang (*id.*, § 186.22) (count 1); he attempted to discharge a firearm at an inhabited dwelling house (*id.*, §§ 664, 246), a felony (count 2); and that on January 27, 2009, he committed another murder for the benefit of a street gang (*id.*, § 186.22) (count 3). A special allegation alleged that J.C. "comes within the provisions of Welfare and Institutions Code section 707, [former subdivision] (d)(2)(B) in that he was 15 years old at the time [of the offenses]." The People claim J.C. was 19 years old when "he was apprehended," and a transfer to criminal court is permitted pursuant to section 707, subdivision (a)(2). That section authorizes a transfer motion where the juvenile was 14 or 15 years of age at the time of the offense "but was not apprehended prior to the end of juvenile court jurisdiction." (§ 707, subd. (a)(2).)

In 2017, the People filed a petition in the juvenile court for a transfer hearing to determine whether the case should be tried in a criminal court. After a hearing, the court ruled the case met the criteria to be transferred to criminal court.

In 2021, the superior court denied J.C.'s motion to return the case to the juvenile court. J.C. filed a petition for writ of mandate in this court to challenge that order. We denied that

2

petition on September 9, 2021.[2]  The California Supreme Court denied review.

On August 15, 2022, November 8, 2022, and December 7, 2022, J.C. filed motions to return him "to the jurisdiction of the juvenile court."  J.C. indicated that these were motions to "reconsider" the superior court's denial of his 2021 motion to transfer the case to the juvenile court.  In his last motion he also requested the superior court to review "the summary denial of his petition for writ of mandate" filed by this court.

On December 22, 2022, the superior court denied J.C.'s motion to return jurisdiction to the juvenile court.  J.C. appealed from that order.

On April 6, 2023, the superior court granted J.C.'s motion to transfer the case back to juvenile court for a new transfer hearing in compliance with the new standards for transfer hearings required by Assembly Bill No. 2361.  (§ 707, subd. (a)(3).)

## DISCUSSION

### *Dismissal of the Appeal*

The People claim this appeal must be dismissed because it does not fall within the provisions of section 801, subdivision (a). In his rely brief, J.C. agrees.

Section 801, subdivision (a), provides, in relevant part, "An order transferring a minor *from the juvenile court to a court of criminal jurisdiction* shall be subject to immediate appellate review if a notice of appeal is filed within 30 days of the order transferring the minor to a court of criminal jurisdiction."  (Italics added.)

---

[2] The People's request for judicial notice filed August 21, 2023, is granted.

3

Section 801 is the section upon which J.C. based his appeal. But the December 22, 2022, order that J.C. appealed from is not an order transferring a minor from the juvenile court to criminal court. It was a superior court order denying J.C.'s motion for reconsideration of the prior 2021 superior court order that denied a transfer back to the juvenile court. The parties are correct that: 1) this statute does not provide appellate jurisdiction for the subject matter of this appeal, and 2) J.C. may not appeal from an order denying an untimely motion for reconsideration. (§ 801, subd. (a); *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968-969; *Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 818.)

Moreover, on April 6, 2023, the superior court granted J.C.'s motion to transfer his case back to juvenile court for a new transfer hearing to comply with the new standards required by Assembly Bill No. 2361. As the People note, if the juvenile court orders J.C.'s case transferred back to criminal court, he will be entitled to file an appeal from that order. (§ 801.)

DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.        CODY, J.

4

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Laini Millar Melnick, , under appointment by the Court of Appeal, for Defendant and Appellant.

Erik Nasarenko, District Attorney, W. Taylor Waters, Deputy District Attorney, for Plaintiff and Respondent.