Filed 9/16/25  P. v. Cordero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085000 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CPR230636) |
| ROGELIO CORDERO, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Rogelio Cordero, in pro. per; and Kenneth H. Nordin, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Rogelio Cordero is serving a sentence for contempt of court for violations of a protective or stay-away order involving domestic violence (Pen. Code, §§ 166, subds. (c)(1) & (4), 1203.097).  Initially sentenced to two years in state prison, Cordero was released from prison on postrelease community supervision in August 2023.  He then had his status revoked, reinstated, and modified in January 2024 and May 2024.

In August 2024, the probation department again filed a petition to revoke Cordero's community service status. At the hearing on the petition, the court granted Cordero's request to represent himself. Cordero's probation officer testified Cordero failed to comply with the conditions of his postrelease community supervision by making "what we would consider to be veiled threats" toward his probation officer, failing to allow a search of his residence, and testing positive multiple times for marijuana use. Cordero explained that he was successful in his employment despite the stress he continues to be under and that he wished to move on with his life. He denied having an interest in vengeance and stated that more time in custody would not help him.

The court revoked, reinstated, and modified Cordero's postrelease community supervision status and he was ordered to serve 180 days in custody. Cordero filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We notified Cordero of his right to file his own brief on appeal. He responded with a letter expressing various concerns about the court's determinations and his treatment by the probation department. He does not raise any potentially meritorious issues for reversal on appeal.

## DISCUSSION

As we noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this

2

appeal:  Whether the court erred in allowing Cordero to represent himself at the September 2024 evidentiary hearing on the petition for revocation of community supervision.

A criminal defendant who knowingly and intelligently waives the right to counsel has a constitutional right to conduct his or her own defense. (*Faretta v. California* (1975) 422 U.S. 806, 819; *People v. Jenkins* (2000) 22 Cal.4th 900, 959.)  Here, Cordero initialed and signed a waiver form while still represented by counsel, and the trial court questioned Cordero on the record before granting his request.  Cordero confirmed that he understood the risks of self-representation, and, despite those risks, the record indicates he knowingly and intelligently waived his right to counsel and invoked his right of self-representation.  We have reviewed the hearing transcript, and we see no arguable issue for appeal.

As noted, Cordero also filed his own supplemental brief raising additional issues.  The only order challenged in the current appeal is the September 2024 order revoking, reinstating, and modifying Cordero's postrelease community supervision status, and committing him to serve 180 days in custody.  The notice of appeal defines the scope of appeal by identifying the particular judgment or order being appealed.  (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) The additional arguments Cordero raises are not within the scope of this appeal from that order because they involve the prior criminal protective order and plea agreement he did not appeal.

We have independently reviewed the record consistent with the requirements of *Wende* and *Anders.*  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Cordero on this appeal.

## DISPOSITION

The postjugment order is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:



DO, J.



BUCHANAN, J.