Filed 3/12/26  Espinoza v. Chuang CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| JOSE ESPINOZA, | C101833 |
| Plaintiff, Cross-complainant, and Appellant, | (Super. Ct. No. CV-2021-0958) |
| v. | |
| RONALD CHUANG et al., | |
| Defendants, Cross-defendants, and Respondents. | |

Jose Espinoza appeals from the trial court's order granting Ronald Chuang and Linda Chuang's (the Chuangs) motion for attorney fees following their successful anti-SLAPP (strategic lawsuit against public participation) motion to strike Espinoza's cross-complaint.

Espinoza contends:  (1) the trial court erred in granting the anti-SLAPP motion and (2) the attorney fees award was unreasonable because the hours reported by the Chuangs's counsel included undisclosed, nonrecoverable hours the Chuangs's daughter (daughter) spent drafting the anti-SLAPP motion.

1

The Chuangs filed a motion for sanctions on the grounds that Espinoza's appeal is meritless and misrepresents the record and our prior opinion in this case.

We have no jurisdiction to consider Espinoza's first contention because the anti-SLAPP motion was not identified in the notice of appeal. We reject his second contention because the record does not show daughter spent time on the anti-SLAPP motion. We deny the Chuangs's motion for sanctions.

The order awarding attorney fees is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Espinoza Bail Bonds, Inc. (Bail Bonds) sued the Chuangs and their son for breach of contract. The Chuangs filed a cross-complaint in pro per against Bail Bonds and Espinoza for financial elder abuse, alleging that Bail Bonds was not incorporated in California at the time the contract at issue was signed.

In 2023, Espinoza filed a cross-complaint against the Chuangs and their son, claiming that he, not Bail Bonds, signed the contract at issue. On January 30, 2024, the Chuangs filed an anti-SLAPP motion, signed by counsel Aaron Morris, to strike Espinoza's cross-complaint. On February 27, 2024, the trial court issued an order granting the anti-SLAPP motion. On April 5, 2024, it denied Espinoza's motion to reopen and reconsider that order.

On April 26, 2024, the Chuangs served a "notice of ruling re motion for reconsideration" on Espinoza and Bail Bonds. On the same day, the Chuangs moved to recover $24,826.64 in attorney fees and costs under the anti-SLAPP statute (Code Civ. Proc., § 425.16), consisting of $20,344.50 in fees for work on the anti-SLAPP motion, $4,207.50 in fees for work on the attorney fees motion, and $274.64 in costs. Morris declared he spent a total of 41.1 hours on the anti-SLAPP motion, including 18.2 hours preparing the anti-SLAPP motion, 6.7 hours on the reply, 7.3 hours opposing the motion for reconsideration, and 8.9 hours on related activities such as communicating with clients, reviewing tentative rulings, preparing for and attending oral argument, and

2

preparing two notices of filing of ruling.  The Chuangs incurred $274.64 in costs to bring the anti-SLAPP motion, and Morris estimated he would spend an additional 8.5 hours preparing and defending the attorney fees motion.  Morris billed the Chuangs at his standard hourly rate of $495, which he claimed was "well below rates charged by similarly experienced attorneys."  Morris stated he had been a licensed attorney in California since 1987 and had previously taught pretrial litigation skills and strategies as an adjunct law professor.

On June 26, 2024, the trial court granted the Chuangs's motion for attorney fees, finding "all the fees and costs requested by [the Chuangs] are reasonable" and awarded them the full amount sought.

Espinoza filed a notice of appeal, identifying only the June 26, 2024 order and stating he appeals from "[a]n order after judgment under Code of Civil Procedure, § 904.1(a)(2)."

## DISCUSSION

### A.    *The Scope of Appeal*

Our jurisdiction "is limited in scope to the notice of appeal and the judgment appealed from."  (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.)  "While a notice of appeal must be liberally construed, it is the notice of appeal [that] defines the scope of the appeal by identifying the particular judgment or order being appealed."  (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.)

An order granting an anti-SLAPP motion is appealable.  (Code Civ. Proc., § 425.16, subd. (i).)  An order awarding attorney fees made after an order granting an anti-SLAPP motion is also appealable as an order made after a judgment.  (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 250-251.)  "If an order is appealable, an aggrieved party must file a timely notice of appeal from the order to obtain appellate review."  (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239.)  " '[W]here several judgments and/or orders

3

occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' " (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43; see *Morton v. Wagner, supra*, 156 Cal.App.4th at p. 967 [declining to address a judgment granting an injunction where the notice of appeal identified only the post-judgment order denying the appellant's motion for reconsideration and designating him a vexatious litigant].)

Here, the notice of appeal identifies only the trial court's June 26, 2024 order granting the Chuangs's motion for attorney fees. Thus, our jurisdiction on appeal is limited to that order.

B.      *Attorney Fees*

Espinoza contends the attorney fees award was unreasonable, alleging that the award included the time daughter spent on the anti-SLAPP motion. Nothing in the record supports this contention.

A prevailing defendant on an anti-SLAPP motion is entitled to recover reasonable attorney fees and costs for (1) bringing the anti-SLAPP motion; (2) responding to an appeal of the order granting the anti-SLAPP motion; and (3) bringing an attorney fees motion after the trial court grants the anti-SLAPP motion. (Code of Civ. Proc., § 425.16, subd. (c)(1); *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321; *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.) The appellant carries the burden to affirmatively demonstrate the trial court committed an error that justifies reversal of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

"We review an anti-SLAPP attorney fee[s] award under the deferential abuse of discretion standard. [Citations.] The trial court's fee determination 'will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " (*Christian Research Institute v. Alnor, supra*, 165 Cal.App.4th at p. 1322.) In such a review, we indulge all inferences in favor of the trial court's order and presume the attorney fees award is correct. (*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 433-434.)

Here, Morris's declaration of his experience, hourly rate, and time spent on the anti-SLAPP motion supports the trial court's finding that the amount of attorney fees requested was reasonable. The record offers no support for Espinoza's contention that Morris's hours included undisclosed time of daughter. According to Espinoza, the first 13 pages of the anti-SLAPP motion contain arguments from the Chuangs's cross-complaint and daughter wrote a paragraph in Linda Chuang's declaration supporting the anti-SLAPP motion. But he cites nothing in the record showing daughter drafted either the cross-complaint or the declaration. Espinoza further claims "the Appendix attached to the motion contains more than 100 pages of allegations and documents that were previously written by" daughter. It is unclear which motion Espinoza refers to here. The record he cites in support contains the signature page to the Chuangs's motion to strike Espinoza's memorandum of costs, Linda Chuang's declaration supporting that motion, the Chuangs's motion to confirm an order adopting a stipulation and waiver issued by the department of insurance, proof of electronic service of those two motions, a minute order on the Chuangs's motion for attorney fees, and a notice of ruling on the Chuangs's motion for attorney fees. None of these documents were part of the anti-SLAPP motion and they were all filed months after the trial court granted the anti-SLAPP motion.

Espinoza further contends Morris's representation was limited to attending hearings on the anti-SLAPP motion, citing Morris's notices of limited scope representation. But only one of these notices was filed before the anti-SLAPP motion

5

and that notice concerned a hearing on an unrelated motion. Thus, these notices do not undermine Morris's declaration that he spent 18.2 hours drafting the anti-SLAPP motion.

We also reject Espinoza's claim that daughter "served the [anti-SLAPP] motion and reply briefs, thus she was in control of the litigation, not . . . Morris." Espinoza does not explain how service of legal documents, a task routinely performed by non-attorneys such as legal assistants, constitutes control of the litigation.

We further reject Espinoza's contention that the Chuangs's attorney fees motion was untimely. This contention is entirely premised on the claim that the anti-SLAPP motion was untimely, which we have no jurisdiction to review.

We decline to address Espinoza's contention raised for the first time in his reply brief that the trial court failed to apply the lodestar method. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.) In sum, Espinoza fails to carry his burden to demonstrate affirmative error on appeal.

## C.    *Motion for Sanctions*

The Chuangs moved to sanction Espinoza's counsel Terry Hunt under Code of Civil Procedure section 907 and California Rules of Court, rule 8.276 on the ground that the arguments on appeal are meritless and Hunt repeatedly misrepresents the record and the holding in our prior opinion in this case. We deny this motion.

"Sanctions may be imposed for frivolous appeals where the appeal was prosecuted for an improper motive or the appeal indisputably has no merit. ([Code Civ. Proc.,] § 907; Cal. Rules of Court, rule 8.276(a)(1).)" (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.) But we must interpret frivolousness "to avoid a serious chilling effect on the assertion of litigants' rights on appeal." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) For that reason, "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*) "Whether to impose appellate sanctions is a matter within our discretion." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.)

6

Here, much of the alleged misrepresentation concerns the trial court's ruling on the Chuangs's anti-SLAPP motion that we have no jurisdiction to review on appeal. To the extent Hunt incorrectly claims the record reflects daughter drafted most of the anti-SLAPP motion, we decline to find those claims sanctionable.

## DISPOSITION

The trial court's June 26, 2024 order granting the Chuangs's motion for attorney fees is affirmed. The Chuang's motion for sanctions is denied. The Chuangs shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
MESIWALA, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.

7