Filed 3/24/26  Stewart v. USAA General Indemnity Co. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. STEWART,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>USAA GENERAL INDEMNITY COMPANY et al.,<br><br>    Defendants and Respondents. | D084464<br><br><br>(Super. Ct. No. 37-2023-00040806-CU-BT-CTL)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on March 4, 2026, be modified as follows:

On page two of the opinion, at the end of the introduction, the following footnote is inserted:

"At the beginning of oral argument, appellant objected to the justices assigned to this appeal.  The objection is overruled."

All subsequent footnotes in the opinion are renumbered accordingly.

There is no change in judgment.

The petition for rehearing is denied.

MCCONNELL, P. J.

Copies to:  All parties

Filed 3/4/26  Stewart v. USAA General Indemnity Co. CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH D. STEWART,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>USAA GENERAL INDEMNITY COMPANY et al.,<br><br>     Defendants and Respondents. | D084464<br><br><br>(Super. Ct. No.<br>37-2023-00040806-CU-BT-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Joseph D. Stewart, in pro per, for Plaintiff and Appellant.

DKM Law Group, Joshua Nathan Kastan and Jessica J. Ross for Defendant and Respondent.

Joseph D. Stewart, appearing in propria persona, sued USAA General Indemnity Company (USAA GIC) and USAA Federal Savings Bank (USAA FSB, together USAA) alleging that information shared by these entities

breached his constitutional right to privacy, intruded into his private affairs, and breached the implied covenant of good faith and fair dealing. He appeals from orders: (1) refusing to make a substantive ruling on his ex parte applications for nunc pro tunc relief; (2) granting USAA's anti-SLAPP motion (strategic lawsuit against public participation, Code Civ. Proc.,[1] § 425.16); and (3) declaring him a vexatious litigant. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Stewart purchased a renter's insurance policy from USAA GIC. In 2019, he sued USAA GIC for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. (*Stewart v. USAA GIC* (Super. Ct. San Diego County, 2021, No. 37-2019-00011137, *Stewart I.*) That action remained pending when, in 2021, Stewart sent a settlement offer to USAA GIC's counsel. After receiving no response, he contacted USAA GIC directly to request coverage. USAA GIC's counsel responded with a letter asserting that Stewart had misrepresented the existence of any duty to defend, explaining that no action was pending against him, and identifying additional deficiencies. Stewart now claims that alleged misrepresentations in this letter were based on statements he made during telephone calls with USAA FSB.

On August 31, 2023,[2] Stewart attempted to electronically file the complaint in this action but the court rejected the filing. Stewart ultimately filed this action on September 19 alleging that USAA GIC's counsel made misrepresentations in the 2021 letter and that USAA GIC improperly shared his information with USAA FSB. Stewart served USAA on October 27.

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

[2]    All undesignated date references are to 2023.

2

USAA filed a demurrer, a vexatious litigant motion, and an anti-SLAPP motion. After hearing argument, the trial court declared Stewart a vexatious litigant and prohibited him from filing any new litigation in California without first obtaining leave of the presiding judge. The court also granted USAA's unopposed anti-SLAPP motion, concluding that Stewart's claims arose from protected activity and he failed to demonstrate a probability of prevailing.

## DISCUSSION

### I. NUNC PRO TUNC APPLICATIONS

A. *Additional Background*

On August 31, Stewart attempted to electronically file the complaint initiating this action but the trial court rejected the submission because it did not comply with the court's e-filing requirements. On September 7, he attempted to file the complaint again, and the court again rejected the filing because the document was not text-searchable. Stewart ultimately succeeded in filing this action on September 19. The court issued the summons on September 29.

On October 2, Stewart filed an ex parte application (first application) seeking a nunc pro tunc order that would deem the complaint filed as of August 31, asserting that absent such relief his claims would be time-barred. The trial court denied the application because the defendant had not yet been served. Stewart served USAA with the summons and complaint on October 27. At a hearing, Stewart again sought nunc pro tunc relief (second application), but the court declined to hear the request on an ex parte basis because doing so would have eliminated USAA's statute of limitations defense. The court instead required Stewart to file a noticed motion. No noticed motion seeking nunc pro tunc relief appears in the record.

3

B. *Analysis*

Stewart argues the trial court was obligated to rule on the merits of his applications for a nunc pro tunc order before addressing any other matter in the case.  He relies on the San Diego Superior Court's electronic filing requirements for civil actions, which state in part:

> "Documents that are determined to be unacceptable for e-filing by the court due to e-filing system restrictions or for failure to comply with these requirements will be rejected, subject to being allowed to be filed nunc pro tunc to the original submitted date, upon ex parte application and upon good cause shown."  (SDSC CIV-409, Rev. 1/25.)

He asserts this provision compelled the court to hear and decide his ex parte requests for nunc pro tunc relief before considering any subsequent issue. USAA responds that Stewart failed to demonstrate reversible error, abandoned his request, and in any event the issue became moot once the litigation proceeded and was resolved on independent grounds.  USAA's position is well-taken.

California law imposes mandatory procedural prerequisites for any ex parte application.  An applicant must submit a declaration showing compliance with the notice requirements of rule 3.1204.  (Cal. Rules of Court, rule 3.1204(b).)[3]  In addition, ex parte papers must be served on the opposing party at the earliest reasonable opportunity, and "absent exceptional circumstances, no hearing may be conducted unless such service has been made."  (Rule 3.1206.)  Stewart did not provide notice to USAA before filing his first application on October 2.  The trial court's denial of that application was therefore proper and required under the Rules of Court.

---

[3]     Undesignated rule references are to the California Rules of Court.

4

The court also acted within its discretion in declining to hear Stewart's second application on an ex parte basis and directing him to proceed by noticed motion. A nunc pro tunc order that would backdate the filing of the complaint and thereby eliminate USAA's statute of limitations defense is precisely the type of relief for which formal notice is required. As the Supreme Court has long held, "notice of motion must be given whenever the order sought may affect the rights of an adverse party." (*McDonald v. Severy* (1936) 6 Cal.2d 629, 631.) Stewart acknowledged the court's directive to file a noticed motion but never filed one, thereby abandoning the request for nunc pro tunc relief.

Moreover, the question of nunc pro tunc relief became moot. The litigation continued as though timely filed, and the case was resolved on separate, dispositive grounds when the court granted USAA's anti-SLAPP motion. (See *Post*, pt. II.) Under these circumstances, even a properly noticed nunc pro tunc motion would have afforded Stewart no effective relief. (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.)

For these reasons, the trial court committed no error in declining to reach the merits of Stewart's ex parte applications. The court adhered to mandatory procedural rules, properly required formal notice before considering relief that would materially affect USAA's rights, and ultimately adjudicated the case on independent grounds that rendered the nunc pro tunc issue moot. Accordingly, Stewart has not demonstrated reversible error.

## II. ANTI-SLAPP MOTION

A. *Additional Background*

USAA filed an anti-SLAPP motion which Stewart did not oppose. After issuing a tentative ruling granting the motion, the trial court conducted a hearing. When the matter was called, the trial judge cleared both the

5

courtroom and Microsoft Teams and held a confidential hearing regarding Stewart's request for a disability accommodation (accommodation request). The court denied the accommodation request. Once proceedings resumed in open court, Stewart requested a continuance based on the grounds stated in his accommodation request; the court denied that request as well.

The court then heard oral argument and confirmed its tentative ruling. It found Stewart's claims were based on protected settlement-related communications or statements made in connection with an issue under consideration in *Stewart I.* Noting the motion was unopposed, the court further found that Stewart failed to carry his burden of establishing a probability of prevailing on the merits.

B. *Analysis*

1. *No Error Shown in Denying the Accommodation Request*

Although his argument is not entirely clear, Stewart appears to contend the trial court's denial of his accommodation request deprived him of the right to be heard on USAA's anti-SLAPP motion.

This contention fails at the threshold. On appeal, error is never presumed; rather, we presume the trial court's ruling is correct. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564 (*Denham*).) It is the appellant's burden to affirmatively demonstrate error with an adequate record. Failure to do so requires the issue to be resolved against the appellant. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) The appellate record must include all materials necessary for review, including transcripts of oral proceedings and relevant documents filed in the trial court. (Rules 8.120, 8.122(a)(3), 8.224.) Where, as here, no reporter's transcript exists for a challenged hearing, meaningful appellate review is often impossible. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.)

6

California courts are committed to ensuring equal and full access to the judicial system for persons with disabilities. (Rule 1.100(b).) To that end, rule 1.100 authorizes requests for accommodations—defined as actions that ensure court services, programs, or activities are accessible to persons with disabilities. (Rule 1.100(a)(1), (3).) Such requests may be made in writing, on an approved Judicial Council form, or orally. (Rule 1.100(c)(1).) A trial court's ruling on an accommodation request is reviewed for abuse of discretion. (*Gropen v. Superior Court* (2023) 89 Cal.App.5th 1068, 1082.)

Here, Stewart failed to designate critical portions of the record, including his accommodation request and a reporter's transcript of the closed hearing at which the request was considered and denied. In the absence of these materials, we cannot assess whether the trial court properly exercised its discretion or correctly applied the governing legal standards. Because Stewart failed to provide an adequate record, he has forfeited his claim that the denial of his accommodation request deprived him of the right to be heard on USAA's anti-SLAPP motion. That claim must therefore be resolved against him.

2. *No Error Shown in Granting the Anti-SLAPP Motion*

A. *General Legal Principles*

The anti-SLAPP statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) Courts evaluate such motions using a two-step framework. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)

At step one, the moving defendant must make a prima facie showing that the challenged claims arise from protected activity as defined in section 425.16, subdivision (e). (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 314 (*Flatley*).) Protected activity includes statements or writings made before or in connection with judicial proceedings, as well as other conduct in furtherance of petition or free speech rights on matters of public interest. (§ 425.16, subd. (e)(1)–(4).) If the defendant satisfies this initial burden, the analysis proceeds to step two, where the burden shifts to the plaintiff to demonstrate a probability of prevailing on the merits. (§ 425.16, subd. (b)(1); *Baral v. Schnitt* (2016) 1 Cal.5th 376.) To meet this burden, the plaintiff must show the claim has at least minimal merit. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 94.) We review an order granting an anti-SLAPP motion de novo. (*Park, supra*, 2 Cal.5th at p. 1067.)

B. *Analysis*

Stewart does not dispute the trial court's determination that his claims arise from activity undertaken by USAA in furtherance of protected speech or petition rights. Instead, he argues the court failed to consider whether the "true allegations" of his complaint—namely, the allegedly unlawful sharing of confidential communications between USAA GIC and USAA FSB— constituted illegal conduct that falls outside the protection of the anti-SLAPP statute. Relying on *Novartis Vaccines and Diagnostics, Inc. v. Stop Huntington Animal Cruelty USA, Inc.* (2006) 143 Cal.App.4th 1284, 1294– 1295 (*Novartis*), Stewart contends USAA's purported illegality precludes application of section 425.16.

Stewart correctly notes that the anti-SLAPP statute does not protect conduct that is illegal as a matter of law. (*Flatley, supra*, 39 Cal.4th at p. 317; *Novartis, supra*, 143 Cal.App.4th at p. 1296 [harassment, infliction of

8

emotional distress and trespass illegal as a matter of law and not protected activity].) Where the defendant concedes illegality or the evidence conclusively establishes it, the statute does not apply. (*Flatley,* at p. 320.)

This exception, however, has no application here. USAA has not conceded any illegal conduct. Accordingly, the burden rested squarely on Stewart to conclusively establish that the assertedly protected activity was illegal as a matter of law. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 910–911 [conduct does not lose anti-SLAPP protection merely because it is alleged to be unlawful or unethical].) Stewart failed to meet that burden. He cited no authority demonstrating that USAA GIC, USAA FSB, or counsel acted unlawfully by sharing confidential communications.

To the contrary, the record reflects that Stewart received notice of information sharing between USAA FSB and USAA GIC, was afforded the opportunity to opt out, and failed to do so. On this record, there is no basis to conclude that USAA's conduct was illegal as a matter of law. USAA therefore satisfied its burden under step one of the anti-SLAPP analysis. Once that showing was made, the burden shifted to Stewart to demonstrate a probability of prevailing on his claims. He failed to do so, as he submitted no evidence whatsoever in opposition to the motion.

In sum, Stewart has failed to demonstrate any reversible error. His challenge to the denial of his accommodation request is forfeited by his failure to provide an adequate record, and his attack on the anti-SLAPP ruling rests on unsupported allegations of illegality that fall well short of the stringent standard required to defeat statutory protection. Because USAA established that Stewart's claims arise from protected activity, and Stewart failed to carry his burden of demonstrating a probability of prevailing, the trial court's order is affirmed.

9

## III.  VEXATIOUS LITIGANT MOTION

A. *Additional Background*

In declaring Stewart a vexatious litigant, the trial court relied extensively on Stewart's conduct in *Stewart I*.  The court issued a detailed written order summarizing the procedural history and Stewart's litigation conduct in that matter, portions of which are set forth below.

Stewart initiated *Stewart I* in February 2019, at which time the matter was assigned to Judge Katherine Bacal.  Stewart exercised a peremptory challenge under section 170.6, and the case was reassigned to Judge Kenneth J. Medel on March 19, 2019.  After Judge Medel sustained USAA GIC's demurrer without leave to amend, Stewart appealed.  We reversed the ruling.  At an April 1, 2022, case management conference, the minutes reflect that Stewart made an oral challenge under "section 170" presumably referring to section 170.6.  Judge Medel denied the challenge as untimely.  Stewart then filed a petition for writ of mandate, which was summarily denied.

On April 28, Stewart filed a statement of disqualification for cause under section 170.3 (first objection).  Judge Medel struck the objection on multiple grounds, including improper service, untimeliness, and the failure to state a legal basis for disqualification on its face.  Days later, Stewart filed a second objection citing sections 170.3 and 170.4, subdivision (c)(3).  Judge Medel struck the second objection as an improper repetitive challenge and for failure to state a legal basis for disqualification.  Stewart again sought writ relief, which was summarily denied.

Undeterred, Stewart filed a third objection on May 26, again invoking sections 170.3 and 170.4, subdivision (c)(3).  Judge Medel struck the third objection, citing its repetitive nature and lack of a legal basis.  On June 6, Stewart filed a fourth objection under the same statutes.  The court struck

10

this objection the following day due to improper service, repetition, and the absence of a legally sufficient basis for disqualification.

On June 9, Stewart filed a fifth objection under the same statutes. Judge Medel struck the fifth objection as an improper repetitive challenge lacking any legal basis. Stewart once again petitioned for writ relief, which was summarily denied. Stewart then filed a sixth objection on July 7. Judge Medel struck this objection for improper service, repetition, and failure to state a legal basis. Stewart's petition for writ relief was summarily denied and the California Supreme Court later denied review.

Following these events, Judge Medel granted USAA GIC's unopposed motion for summary adjudication on the causes of action for breach of the covenant of good faith and fair dealing and negligence, and dismissed the remaining claims with prejudice, citing Stewart's " 'failure to participate in the Trial Readiness Conference and the Advanced Trial Review procedures.' " On September 15—prior to the hearing on Stewart's motion for new trial—he filed a seventh objection. On July 15, Judge Medel struck the seventh statement of disqualification on the same grounds as the prior objections.

B. *Analysis*

The Legislature enacted the vexatious litigant statutes (§§ 391–391.7) to reduce abuse of the judicial process by litigants appearing in propria persona who repeatedly relitigate issues, file meritless papers, and impose unnecessary burdens on courts and opposing parties. (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.) In ruling on a vexatious litigant motion, the trial court must evaluate the evidence to determine whether the litigant satisfies one of the statutory definitions and whether there is a reasonable probability the litigant will prevail. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635 (*Golin*).) To be declared a vexatious litigant, the plaintiff must come

11

within one of the definitions in section 391, subdivision (b). (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 969 (*Morton*).) The court must further conclude that the litigant's conduct unreasonably impacts both the opposing party and the courts in the manner contemplated by the statute. (*Id.* at p. 971.)

An order declaring a litigant vexatious is reviewed for substantial evidence. (*Morton, supra*, 156 Cal.App.4th at p. 969.) On appeal, the order is presumed correct, and all findings necessary to support it are implied. (*Ibid.*) Reversal is warranted only where no substantial evidence supports the implied findings underlying the vexatious litigant designation. (*Ibid.*)

Here, the trial court found Stewart to be a vexatious litigant under section 391, subdivision (b)(3), which applies where a litigant, while acting in propria persona, "repeatedly files unmeritorious motions, pleadings, or other papers" or engages in frivolous tactics or conduct intended solely to cause delay. Section 391, subdivision (b)(3) imposes no numerical threshold or rigid temporal requirement; rather, a pattern of frivolous or abusive litigation conduct is sufficient. (*Golin, supra*, 190 Cal.App.4th at p. 640.) What constitutes "repeatedly" and "unmeritorious" is committed to the sound discretion of the trial court. (*Morton, supra*, 156 Cal.App.4th at p. 971.)

Stewart argues that substantial evidence does not support the vexatious litigant finding because his multiple attempts to disqualify Judge Medel were neither repetitive nor unmeritorious. Although Stewart concedes that each section 170.3 challenge incorporated the allegations of its predecessor, he contends each filing added new allegations and therefore constituted a distinct and meritorious challenge. He further asserts that the challenges were brought in good faith and had a reasonable probability of success had they been reviewed by an independent jurist.

12

Challenges for cause under section 170.3 are fundamentally different from peremptory challenges. They are not automatic and must be supported by a good faith factual showing. (*Magana v. Superior Court* (2018) 22 Cal.App.5th 840, 865, fn. 8.) Such challenges are not routine motions; rather, they constitute a direct attack on the impartiality of the judicial officer presiding over the case. (*Id.* at p. 865.) Where a statement of disqualification discloses no legal basis on its face, the judge may properly strike it. (§ 170.4, subd. (b).) Successive statements of disqualification—particularly those that are repetitive—are an express statutory ground for striking the filing. (§ 170.4, subd. (c)(3).)

In support of his contentions, Stewart refers to the declarations he filed with each of the section 170.3 challenges. Stewart, however, failed to designate these critical declarations for inclusion in the clerk's transcript. As the appellant, Stewart bore the affirmative burden of providing a record sufficient to demonstrate error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.) We cannot presume the court erred in striking the declarations. (*Denham, supra*, 2 Cal.3d at p. 564.) In sum, we are compelled to follow the presumption of correctness and affirm the vexatious litigant order, notwithstanding Stewart's assertions regarding the merits of filings that are not before this court.

## DISPOSITION

The orders are affirmed.  Respondents are entitled to their costs on appeal.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

14